UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASMEN LAVAR HILL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CORE CIVIC, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:25-cv-01360-CDB (PC)<br><br>ORDER TRANSFERRING CASE TO THE CENTRAL DISTRICT OF CALIFORNIA<br><br>(Doc. 1) |

　　　　Plaintiff Jasmen Lavar Hill ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff alleges Defendants Core Civic, Centinela State Prison, Lancaster State Prison, and Corcoran State Prison violated his civil rights. *See id.*

　　　　The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

　　　　In this case, Plaintiff asserts causes of action arising from events that occurred at Centinela

1

1  State Prison and Lancaster State Prison, both of which are located in counties within the jurisdiction
2  of the Central District of California.  *See* (Doc. 1 at 3-5).  Although Plaintiff names the facility in
3  which she is currently housed, Cocoran State Prison, as a defendant in this action, none of her
4  allegations appear to relate to events that occurred at or involved Cocoran State Prison or its staff.
5  *See id.*  Because Defendants allegedly responsible for the conduct at issue and a substantial part of
6  the events giving rise to Plaintiff's claims are located in counties within the jurisdiction of the
7  Central District of California, Plaintiff's action should have been filed in the United States District
8  Court for the Central District of California.  *See* 28 U.S.C. § 1391(b).
9      In the interest of justice, a federal court may transfer a complaint filed in the wrong district
10  to the correct district.  28 U.S.C. § 1406(a); *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465-67 (1962).
11      Accordingly, IT IS HEREBY ORDERED that this case is transferred to the U.S. District
12  Court for the Central District of California.  *See* 28 U.S.C. § 1406(a).

IT IS SO ORDERED.

Dated:   **October 15, 2025**                    _____
                                                         UNITED STATES MAGISTRATE JUDGE